UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF & RETIREMENT SYSTEM, Inividually and Derivatively on Behalf of Nominal Defendant INTUITIVE SURGICAL, INC.,<br><br>              Plaintiff,<br>    v.<br><br>GARY S. GUTHART, et al.,<br><br>              Defendants. | Case No. 5:14-cv-01307-PSG<br><br>**ORDER DENYING SEALING MOTION WITHOUT PREJUDICE**<br><br>**(Re: Docket No. 1)** |

Before the court is an administrative motion to file portions of the complaint and a motion for consolidation and for appointment of lead plaintiff and lead counsel under seal. Those documents allegedly refer to internal business records, internal practices, board meeting minutes, presentations and underlying litigation. The parties have not submitted a narrowly-tailored declaration pointing out with particularity why sealing is warranted and the request itself is overbroad.[1] Instead, the parties appear to believe sealing is warranted based on a stipulation

---

[1] *See* Civil L.R. 79-5(b) ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d).") (parenthetical omitted); *Pecover v. Elec. Arts, Inc.*, Case No. 4:08-cv-2820-CW, 2013 WL 174063, at *1 (N.D. Cal. Jan. 16, 2013) (To overcome the "strong presumption of access" and "the public policies favoring" disclosure, parties must do more than simply "showing that the document is subject to a protective order or by

1
Case No. 5:14-cv-01307-PSG
ORDER DENYING SEALING MOTION WITHOUT PREJUDICE

reached between the parties.[2]  The sealing motion is DENIED, without prejudice to refiling the request with an appropriate, narrowly-tailored declaration.

**IT IS SO ORDERED.**

Dated: March 31, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

stating in general terms that the material is considered to be confidential;" instead sealing "must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal." (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted); Civil Local Rule 79-5(a))).

[2] *See* Ex. B (stipulation to file documents under seal).